```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOYCE REINE                                CIVIL ACTION


VERSUS                                     NO. 06-6273


MIKE JOHANNS, SECRETARY                    SECTION "R" (2)
U.S. DEPARTMENT OF
AGRICULTURE
```

## ORDER AND REASONS

Before the Court is defendant's motion for partial dismissal. For the following reasons, the Court GRANTS defendant's motion.

## I.   BACKGROUND

Plaintiff Joyce Reine brings claims of racial discrimination in employment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), against defendant Mike Johanns, in his official capacity as the Secretary of Agriculture. She also asserts unspecified claims of defamation of character and fraud. Instead of filing a standard complaint,

Reine has filed a copy of the EEOC's final decision on her administrative claim of employment discrimination.

Reine's claims arise out of her 2001 performance appraisal while employed by the federal government as an Accounting Technician in the Government Employees Service Division of the National Finance Center. Reine, who is African American, alleges she was denied a performance rating of "Outstanding" and given a lower rating of "Superior" on the basis of race. Reine contends that other employees who performed the same work as she received Outstanding ratings. The EEOC concluded that Raine did not suffer any discriminatory treatment. Defendant moves to dismiss Reine's fraud and defamation claims under Federal Rule of Civil Procedure 12(b)(6) on the ground that Title VII provides the exclusive ground for relief from discrimination in federal employment.

## II.  LEGAL STANDARD

In a motion to dismiss under Rule 12(b)(6), the Court must first accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). A motion to dismiss under Rule 12(b)(6) "is viewed

2

with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Dismissal is typically warranted only if it appears certain that plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.; Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995).

**III. DISCUSSION**

It is well settled that Title VII "provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992). Title VII also preempts claims that arise out of the same set of facts that underlie a claim of employment discrimination. *See id.* (citing *Rowe*, 967 F.2d at 189). Reine has not alleged that her claims of fraud or defamation arise out of events separate from her performance appraisal. Title VII governs her claim of discrimination in federal employment, and it does not provide a cause of action for either fraud or defamation. Accordingly, these claims are dismissed.

**III. CONCLUSION**

　　For the foregoing reasons, the Court GRANTS defendant's motion.


　　New Orleans, Louisiana, this __28th__ day of August 2007.


　　　　　　　　　　　　_Sarah Vance_

　　　　　　　　　　　　SARAH S. VANCE

　　　　　　　　　UNITED STATES DISTRICT JUDGE